## 57337. JIM WALTER CORPORATION et al. v. WARD et al.

MCMURRAY, Presiding Judge.

In *Jim Walter Corp. v. Ward,* 245 Ga. 355 (265 SE2d 7) (1980), the Supreme Court has reversed our judgment of affirmance with particular reference to Division 2 of *Jim Walter Corp. v. Ward,* 150 Ga. App. 484 (2) (258 SE2d 159), wherein this court held: "The trial court did not err in charging the jury that '[i]n determining whether the plaintiffs exercised the required degree of diligence to discover the alleged fraud, you are authorized to consider all the facts and circumstances of the case including the mental capacity and education of the plaintiffs.' There was evidence that the plaintiffs were ignorant and uneducated, one of them almost blind, and it can be said to be a jury issue as to whether they had the capacity to

contract or were incompetent due to their physical and mental condition. See *Piedmont Pharmacy, Inc. v. Patmore,* 144 Ga. App. 160, supra."

The Supreme Court held that "[t]he jury in this case was properly charged on Code § 3-807 with the exception of that part of the charge which authorized the jury to judge the plaintiffs' conduct using a standard other than that of a reasonably prudent person." Further, the Supreme Court held that "[t]o the extent that the Court of Appeals has held that the statute of limitations might never run against a person who is illiterate or ignorant, we disagree" and directed that this court remand the case to the trial court for a new trial.

Accordingly, our judgment of affirmance is vacated in accordance with the opinion of the Supreme Court in *Jim Walter Corp. v. Ward,* 245 Ga. 355, supra; and the case is remanded to the trial court for a new trial. As the trial court is reversed based upon the charge, that is, as to the issue of reasonable diligence of the plaintiffs to discover the alleged fraud which "must be measured by the 'prudent man' standard," as well as the fact that the jury must apply "the unvarying standard of ordinary care to the facts and exigencies of each particular case," we direct the trial court's attention to the opinion of the Supreme Court in the event of a new trial requiring the trial court to again charge the jury.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MARCH 7, 1979 — DECIDED APRIL 28, 1980.

*Edwin F. Hunt, Denmark Groover, Jr., D. Robert Cumming, Jr., Thomas A. Cox,* for appellants.

*John E. James, Tommy Day Wilcox, H. T. O'Neal, Jr., Manley F. Brown, G. Conley Ingram, Dana D. Lamer,* for appellees.