## 35406. JIM WALTER CORPORATION et al. v. WARD et al.

JORDAN, Justice.
We granted certiorari in this case to review Divisions 1 and 2 of the Court of Appeals' opinion in *Jim Walter Corp. v. Ward,* 150 Ga. App. 484 (258 SE2d 159) (1979).
Briefly, this case concerns the unsolicited erection of two prefabricated houses on the properties of the plaintiffs, Willie Ward and Bertha Williams, by Jim Walter Corporation. Certain security deeds and loan instruments, inter alia, were forged by agents of the defendants to evidence purchase. Demands for payment, including threats of foreclosure, were made continually over an eight-year period. Both plaintiffs made regular payments on the houses, and both eventually moved into the shell structures. In 1977, an agent of defendant Mid-State Homes demanded that Ward purchase certain insurance provided by defendant despite the fact that

Ward claimed he had an independent insurance policy of his own. Sometime after paying the amount demanded, Ward asked to see his file in the office of the defendants. When told he could not, Ward, through the aid of a friend, discovered that the deed to his property had been forged. Subsequently, both plaintiffs tendered their houses back to defendants and brought suit.

Defendants contended, as their principal defense, that the applicable four-year statute of limitations had run so as to bar plaintiffs' claims. The trial court denied defendants' motion for directed verdict on this point and charged the jury on Code § 3-807 which tolls the running of the statute for fraud of the nature which would debar or deter the plaintiff from his action. As to the issue of the diligence of the plaintiffs in discovering their cause of action, the trial court charged that "[i]n determining whether the plaintiffs exercised the required degree of diligence to discover the alleged fraud, you are authorized to consider all of the facts and circumstances of this case including the mental capacity and education of the plaintiffs."

Defendants appealed to the Court of Appeals the jury's verdict in favor of plaintiffs awarding them each as damages their actual payments to defendants plus $200,000 each as punitive damages. In Division 1 of its opinion, the court upheld the denial of the defendants' motion for directed verdict because there was some evidence which would authorize the jury to conclude that the continuing nature of the defendants' fraud did prevent the plaintiffs from discovering their cause of action since both plaintiffs were ignorant and illiterate. Furthermore, the court held that there was no evidence that the plaintiffs lacked due diligence because of their mental state which presumably hindered them from being as diligent as the more educated and alert. 150 Ga. App. at 488.

In Division 2, the court upheld the correctness of the trial court's charge, supra, concerning the plaintiffs' diligence since it held such diligence to be a jury question in view of the evidence presented that they were ignorant and illiterate. 150 Ga. App. at 489.

Defendants contend on certiorari that the Court of

Appeals erred in considering the plaintiffs' mental capacity in relation to the character of their pursuit in discovering the wrongs done to them. They argue that since plaintiffs never invoked the language of Code § 3-801, which provides that the statute of limitations will not run against infants, idiots, or insane persons during the period of their disability, and since plaintiffs brought suit in their own names, that they may not now be heard to argue their own mental incompetence as a bar to the statute of limitations.

Plaintiffs however, did invoke the language of Code § 3-807. Basically, Code § 3-807 consists of three elements: (1) actual fraud on the part of the defendant involving moral turpitude, (2) which conceals the existence of a cause of action from the plaintiff, and (3) plaintiff's reasonable diligence in discovering his cause of action despite his failure to do so within the time of the applicable statute of limitations. See *Jones v. Johnson,* 203 Ga. 282 (46 SE2d 484) (1948); *Frost v. Arnaud,* 144 Ga. 26 (85 SE 1028) (1915); *Anderson v. Foster,* 112 Ga. 270 (37 SE 426) (1900); *Middleton v. Pruden,* 57 Ga. App. 555 (196 SE 259) (1938); *Ponder v. Barrett,* 46 Ga. App. 757 (169 SE 257) (1933). Defendants claim that "reasonable diligence" cannot be measured by a subjective standard, but, rather, must be measured by the "prudent man" standard which is an objective one. We agree. However, it is also true that "it is for the jury to apply the unvarying standard of ordinary care to the facts and exigencies of each particular case . . ." *Wright v. Dilbeck,* 122 Ga. App. 214, 228 (176 SE2d 715) (1970), quoting *Davies v. West Lumber Co.,* 32 Ga. App. 460 (1) (123 SE 757).

The jury in this case was properly charged on Code § 3-807 with the exception of that part of the charge which authorized the jury to judge the plaintiffs' conduct using a standard other than that of a reasonably prudent person. However, we cannot say as a matter of law that, had the jury been properly charged, it would have been compelled to find for the defendants.

To the extent that the Court of Appeals has held that the statute of limitations might never run against a person who is illiterate or ignorant, we disagree. To hold

otherwise would discourage any vendor from contracting with such people for fear that those contracts might be unenforceable at some point in the future and would deny the uneducated the same access to commodities that those more fortunate in their schooling have. This is not meant, however, to countenance those vendors who perpetrate fraud on the ignorant, particularly of a nature which conceals the wrong done to them.

We, therefore, reverse the Court of Appeals with the direction that it remand the case to the trial court for a new trial.

*Judgment reversed. Bowles and Marshall, JJ., and Judge Charles L. Weltner, concur. Nichols, C. J., Undercofler, P. J., and Hill, J., dissent. Clarke, J., not participating.*

ARGUED NOVEMBER 13, 1979 — DECIDED FEBRUARY 20, 1980 — REHEARING DENIED MARCH 4, 1980.

*D. Robert Cumming, Jr., Thomas A. Cox, Denmark Groover, Edwin F. Hunt,* for appellants.

*G. Conley Ingram, Dana A. Lamer, John E. James, Tommy Day Wilcox, H. T. O'Neal, Jr., Manley F. Brown,* for appellees.