## 35607. SHIPMAN v. HORIZON CORPORATION.

UNDERCOFLER, Chief Justice.

When does fraud toll the statute of limitations?[1] We granted certiorari on Division 5 of the Court of Appeals opinion to restate the law. *Shipman v. Horizon Corp.*, 151 Ga. App. 242 (259 SE2d 221) (1979).

Initially, it must be recognized that within the meaning of Code Ann. § 3-807, only actual fraud tolls the statute of limitations. Actual fraud involves moral turpitude[2] and has the effect of debarring and deterring the plaintiff from his action. Constructive fraud does not toll the statute.[3]

Actual fraud which tolls the statute arises in two entirely different circumstances. These circumstances must be distinguished in order to properly apply the rules as to silence and the duty to disclose.

The first circumstance is where the actual fraud is the gravamen of the action. In such cases the statute of limitations is tolled until the fraud is discovered or by reasonable diligence should have been discovered. No other independent fraudulent act is required to toll the statute. Silence is treated as a continuation of the original actual fraud, 20 EGL 185, Lim. of Actions, § 22. Failure to exercise reasonable diligence to discover the fraud may be excused where a relationship of trust and confidence

---

[1] "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." Code Ann. § 3-807.

[2] See 12 EGL 461, Fraud, § 4.

[3] "Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. The former implies moral guilt; the latter may be consistent with innocence." Code Ann. § 37-702.

exists between the parties. *Kirkley v. Sharp,* 98 Ga. 484 (25 SE 562) (1896); *Bennett v. Bird,* 139 Ga. 25 (76 SE 568) (1912).

The second circumstance is where the gravamen of the action is other than actual fraud, such as constructive fraud, negligence, breach of contract, etc. In such cases there must be a separate independent actual fraud involving moral turpitude which debars and deters the plaintiff from bringing his action. However, in these circumstances, silence concerning the underlying action cannot be a continuation of an original actual fraud because there is none. Thus, in this type case we find the statement that "mere silence" is not sufficient to toll the statute unless there is a duty to make a disclosure because of a relationship of trust and confidence between the parties. Again, the statute is tolled only until the fraud is discovered or should have been discovered, unless excused. *Kirkley v. Sharp,* supra; *Bennett v. Bird,* supra.

In our opinion, the rules are well stated in the headnotes of *American Nat. Bank v. Fidelity & Deposit Co.* 131 Ga. 854 (68 SE 622) (1908). "Where the basis of an action is actual fraud, the mere silence of the party committing it is treated as a continuation of the original fraud and as constituting a fraudulent concealment, and the statute of limitations does not begin to run against such right of action until such fraud is discovered, or could have been discovered by the exercise of ordinary care and diligence.

"(a) Where a right of action exists because of wrongful conduct which does not involve actual fraud, in order to prevent the statute of limitations from running by reason of the fraud of the party committing it, consisting in the concealment of such conduct, there must be something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the existence between the parties of a confidential relation."

Accordingly, Division 5 and the judgment of the Court of Appeals opinion are vacated and the case remanded for further consideration.

*Judgment vacated. Remanded to the Court of*

*Appeals. All the Justices concur.*

ARGUED JANUARY 14, 1980 — DECIDED MAY 21, 1980.

*James L. Ford, Warren W. Wills, Jr., Robert U. Wright,* for appellant.
*Charles M. Kidd, Gwenn E. Dorb,* for appellee.