36410. COMERFORD v. HURLEY et al.

BOWLES, Justice.

We granted certiorari to determine whether a ten-year or a four-year statute of limitations applies under the facts of this case. The Court of Appeals held that Code Ann. § 3-1003 controls rather than Code Ann. § 3-709 or § 3-807. Under Code Ann. § 3-1003 an action to recover personalty or for damages for conversion of the same is barred by a four-year statute of limitations. We find that an executor de son tort is not involved in this case and affirm the decision below.

Petitioner, Virginia Louise Hurley Comerford, claims to be the only child and heir at law of C. B. Hurley, who died intestate on May 4, 1971. On May 29, 1971, W. Chink Hurley, brother of the deceased, filed a petition in the Probate Court of Troup County for an order declaring "no administration necessary," stating that he and his brothers and sisters were the sole heirs at law of the deceased. Based on a judgment of that court the estate of personalty was distributed among the brothers and sisters. The petitioner did not learn of the death of the deceased, her alleged father, until July 30, 1976. Seeking

to recover the assets of the estate from the deceased's brothers and sisters, petitioner filed a petition in the Superior Court of Troup County on June 24, 1978, alleging that the respondents had wrongfully converted her inheritance and deprived her of the estate by fraud. After submitting evidence, both parties made motions for summary judgment. The trial court granted summary judgment to the respondents finding no issue of material fact in the case. The Court of Appeals affirmed.

Petitioner urges that Code Ann. § 3-709 is controlling. However, that ten-year statute of limitations applies only to suits against executors, administrators, guardians or trustees. "Where an order has been regularly entered in the court of ordinary declaring that no administration is necessary on the estate of one who died intestate, so long as that order is outstanding the court of ordinary has no jurisdiction to entertain an application to have an administrator appointed for the decedent's estate." *Long v. Long,* 117 Ga. App. 606 (2a) (161 SE2d 417) (1968). Nor can the respondents be classified as executors de son tort under Code Ann. § 113-1102. To be an executor de son tort an individual, "without authority of law, wrongfully intermeddles with, or converts to his own use, the personalty of a deceased individual whose estate has no legal representative." The respondents received the personalty of C. B. Hurley in this case by authority of law. The personalty was distributed to them after an application for "no administration necessary" was made, citation issued, and a final order regularly entered.

The contention that Code Ann. § 3-807 is controlling is without merit. If there was actual fraud involved here, then the period of limitation would run from the time of the discovery of the fraud. The alleged fraud is the concealment from the petitioner that her father had died. Petitioner did not discover this until 1976. As the Court of Appeals stated below: "Where, as here, the appellees were not in any confidential relationship with the appellant, and where there has been no evidence of any concealment or misrepresentation concerning the application for no administration necessary on the part of the appellees, there is no actual fraud to toll the statute of limitation." See *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244) (1980). At most there would be constructive fraud if the respondents knew of petitioner and did not tell her that the man she alleged to be her father was dead. The death of C. B. Hurley and the distribution of his estate are matters of public record. "Mere ignorance of fraud which might have been discovered in due time by ordinary diligence will not suspend the statute." *Brinsfield v. Robbins,* 183 Ga. 258, 270 (188 SE 7) (1936).

The controlling statute of limitations is Code Ann. § 3-1003

which provides for a four-year period in which to bring suit after the action accrues for recovery of personalty or damages for its conversion. The action accrued in 1971 and the suit was not initiated until 1978. Therefore, the action is barred by the statute of limitations.

*Judgment affirmed. All the Justices concur, except Clarke, J., who concurs in the judgment only, and Undercofler, C. J., Nichols and Hill, JJ., who dissent.*

ARGUED JULY 14, 1980 — DECIDED SEPTEMBER 4, 1980 — REHEARING DENIED OCTOBER 7, 1980.

*Victoria D. Little, Mary Brock Kerr,* for appellant.
*Congdon & Williams, W. Barry Williams,* for appellees.