## 60728. LODGE et al. v. POPHAM.

QUILLIAN, Presiding Judge.

Summary judgment. Appellant purchasers contracted with appellee builder to build and sell them a house on a lot. The house was completed, conveyance made and appellants entered into possession in August 1974. In November 1976 appellants became aware that the septic tank system constructed with the house by a subcontractor of the builder was defective when the system backed up through a basement bathroom toilet. Appellants commenced this action for damages in June 1979 on several grounds, one of which was fraud on the part of appellee for purposely concealing the latently defective septic tank system, for representing the house was suitable for occupancy, and because the system was installed in violation of county and state regulations. Appellee denied the allegations and moved for summary judgment which was granted on the ground that the applicable 4-year statute of limitations had expired. Appellants contend that the trial court erred in granting summary judgment because under Code Ann. § 3-807 the alleged fraud tolled the statute of limitations until it was discovered in November 1976. *Held:*

We find, as the trial court did, that the allegations of other than fraud are clearly barred by the statute of limitations.

Only actual fraud tolls the statute of limitations. *Webb v. Lewis,* 133 Ga. App. 18 (2) (209 SE2d 712); *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244). Actual fraud requires an intentional deception by false representation or by concealment of a fact. *Nat.*

*Life & Acc. Ins. Co. v. Boyd,* 66 Ga. App. 722 (3) (19 SE2d 210); *Cates v. Owens,* 87 Ga. App. 270, 274 (73 SE2d 345); 37 AmJur2d 22, Fraud and Deceit, § 4. In this case an essential element of actual fraud would be appellee's knowledge that the septic tank system was latently defective because of improper construction.

Appellee denied the allegations of the complaint and by answers to interrogatories denied knowledge of any defects in the septic tank system when it was constructed. His denial is supported by evidence that the system was inspected by a county inspector after it was constructed and before it was covered and was not disapproved.

While appellants' allegations and evidence establish that the septic system was improperly constructed and defective, they do not establish that appellee had any knowledge of any defects in the construction which he concealed from or misrepresented to appellants.

Because there is no evidence that appellee had knowledge of the defects in the septic system when he sold the house to appellants, actual fraud is not established and the 4-year statute of limitations was not tolled. The trial court did not err in granting summary judgment.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 6, 1980 — DECIDED NOVEMBER 14, 1980 — REHEARINGS DENIED DECEMBER 4 AND DECEMBER 17, 1980.

*Jeffrey B. Bogart, Joel Y. Moss,* for appellants.
*Donald B. Howe, Jr.,* for appellee.