66649. GERALD et al. v. DORAN.

Sognier, Judge.

Robert D. and Caldon H. Gerald sued Benny R. Doran for fraud in the sale of a house and lot, alleging that at the time of purchase, Doran represented that the property was connected to the public sewer system when in fact, it was not, and could not be, connected to the public system. The Geralds purchased the house in 1976. After experiencing problems with their plumbing, they were advised by a plumber in July 1977 that the house's sewer lines were actually connected to a septic tank from which a sump pump forced the

sewage into the public sewer lines. The problems continued, and in March 1981, the Geralds consulted the county water authority whose engineers determined that the sewer lines from the house were 2.3 feet lower than the public lines and could never be connected to the public system.

The Geralds brought the instant action in September 1982, alleging that Doran knew of the defect before he sold the house. The trial court granted Doran's motion to dismiss on the ground that the Geralds' claim was barred by the statute of limitation. The Geralds appeal.

Appellants contend that the statute of limitation was tolled until their discovery in 1981 of the impossibility of connecting the house sewer lines to the public lines. See OCGA § 9-3-96 (Code Ann. § 3-807). Thus, they urge that their action was filed within the applicable four-year period of limitation. We do not agree.

Assuming, without deciding, that appellants' complaint stated a claim in fraud for which relief could be granted and that the true facts regarding the sewer line connections could not have been determined at the time of purchase in 1976, it is clear from the facts alleged that appellants' action is barred. " 'Fraud which tolls the statute of limitations must be such actual fraud as could not have been discovered by the exercise of ordinary diligence, in the absence of any confidential relation. [Cit.]' [Cits.]" *Webb v. Lewis,* 133 Ga. App. 18, 21 (2) (209 SE2d 712) (1974). The statute of limitation is tolled until the actual fraud is discovered or by reasonable diligence *should have been discovered. Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244) (1980). " 'Mere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations.' [Cits.]" *Webb,* supra.

According to their pleadings, appellants knew in 1977 that something was amiss with the house's sewage system and that any representations that the system was directly connected to the public lines were false. This knowledge commenced the running of the statute of limitation: it was sufficient to put appellants on notice so that by the exercise of due diligence they should have discovered the alleged fraud. *Webb,* supra at 22. See *Tolar Constr. Co. v. GAF Corp.,* 154 Ga. App. 127, 128 (267 SE2d 635) (1980); reversed on other grounds, 246 Ga. 411 (271 SE2d 811) (1980); *Limoli v. First Ga. Bank,* 147 Ga. App. 755, 757 (250 SE2d 155) (1978); *Sears, Roebuck & Co. v. Green,* 142 Ga. App. 770, 771 (237 SE2d 10) (1977). Thus, the trial court did not err in granting appellee's motion to dismiss.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided November 23, 1983.

*Jay W. Bouldin,* for appellants.
*G. Robert Oliver, Van Stephens,* for appellee.