### 74812. FLEMING v. LEE ENGINEERING & CONSTRUCTION COMPANY.
#### (361 SE2d 258)

BIRDSONG, Chief Judge.

Appellant/plaintiff J. B. Fleming, brings this appeal from the grant of summary judgment to appellee Lee Engineering and Construction Company. Southern Bell placed a guide wire for support of a utility pole near Fleming's residence in 1973. Thereafter, Fleming's sewer line had to be cleared in 1976, 1977, and 1978, because of stoppages. During 1979 and 1980, the line had to be opened by Roto-Rooter eight times. Upon the advice of Roto-Rooter personnel, in November 1980, Fleming had his sewer line dug up from his house to the connection with the county sewer line. Approximately 15 feet from the county sewer line, it was discovered that a hole had been drilled in Fleming's sewer line when Southern Bell's guide wire had been installed. A piece of tin had been placed over the hole drilled in the sewer line, which had subsequently rusted through. It was alleged the hole permitted roots to get into the sewer line and was the cause of its stoppage. Prior to discovery of the hole, Fleming was under the belief that his neighbors were the cause of the continuing stoppages in his sewer line, and considerable friction had developed between Fleming and his neighbors. Fleming stated that he received "continuous psychiatric treatment from April 1981 until January 1982" and "was under a severe emotional disability that did not allow [him] to handle any of [his] financial or family affairs" and during this period he had been hospitalized at the Georgia Regional Hospital receiving treatment "due to an emotional breakdown." Fleming alleges the ongoing conflict with his neighbors was the cause of his mental problems.

Fleming notified Southern Bell of the cause of his sewer stoppage and he said they advised him "they would pay for the bill for repairs. . . ." However, the bills he tendered to Southern Bell were not paid and on April 18, 1984, Southern Bell advised him that Lee Engineering was the company which inflicted the actual damage to his sewer system. Fleming filed his action for trespass, negligence, and intentional infliction of mental distress, on September 22, 1986. Appellee's motion for summary judgment, based on the running of the statute of limitations, was granted and Fleming brings this appeal. *Held:*

Generally, whether a cause of action is barred by the statute of limitations is a mixed question of law and fact, but may be either. Where the facts are in dispute, the question is one of fact to be deter-

mined by the trier of fact, but where the facts are not disputed, as in the instant case, the question is one of law for the court. *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 596 (327 SE2d 736).

Fleming's complaint sounded in trespass, negligent damage to property, and intentional infliction of mental distress. Actions for trespass and damage to realty (OCGA § 9-3-30), and injury to personalty (OCGA § 9-3-31), must be brought within four years. Action for injuries to the person, including infliction of mental distress must be brought within two years after the right of action accrues. OCGA § 9-3-33.

The statute of limitations is tolled for persons who are legally incompetent (OCGA § 9-3-90) during their incompetency, and by fraud of the defendant by which the plaintiff has been deterred from bringing an action (OCGA § 9-3-96). When fraud is alleged and proved, the period of limitation shall run only from the time of discovery of the fraud, or when the fraud should have been discovered. *Jones v. Spindel*, 239 Ga. 68, 69 (235 SE2d 486). We find that the placement of the tin covering over the damaged sewer line was a positive and affirmative act of intentional concealment of damage to Fleming's property, and amounted to fraud which tolled the running of the statute until its discovery in 1980. *Comerford v. Hurley*, 246 Ga. 501, 502 (271 SE2d 782).

After discovery of the fraud in November 1980, this action was not filed until September 1986, a period of five years and ten months. Even if we accept Fleming's affidavit as raising an issue of tolling the statute because of mental incompetence, that period existed only from April 1981 to January 1982, and the statute would run from January 1982, to the filing of the action, a period of four years and eight months.

Following discovery of the actual cause of the stoppage in his sewer line, Fleming could have had no conflict with his neighbors over the proximate cause of his sewer problems. And, even if the prior conflicts with his neighbors had been a contributing cause to his subsequent mental problems, his disability existed only from April 1981 to January 1982, and thereafter the two-year statute of limitations for an action based on intentional infliction of mental distress would have expired in January 1984, two years and eight months before this action was filed.

The only remaining issue is whether Fleming was deterred or debarred from bringing this action by the conduct of Southern Bell by its failure to reveal the identity of the actual perpetrator of the damage to Fleming's property. There is no evidence that Lee Engineering did any act after the discovery of the cause of the sewer stoppages in November of 1980 to prevent Fleming from discovering whose negligence caused the damage to his property. Fleming's reli-

ance upon Southern Bell's acknowledgment of liability and promises of payment of damages cannot be attributed to any fault, neglect, concealment, or fraud on the part of Lee Engineering. See *Curlee*, supra at 597. Mere ignorance of existence of facts constituting a cause of action does not prevent the running of the statute of limitations. *Leathers v. Timex Corp.*, 174 Ga. App. 430, 432 (330 SE2d 102). Fleming's acceptance of Southern Bell's statements cannot be charged to Lee Engineering so as to prevent the statute from running as to Lee.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 22, 1987.

*Victor C. Hawk*, for appellant.
*O. Wayne Ellerbee*, for appellee.