## A89A1790. SMITH v. ODOM.
(391 SE2d 453)

COOPER, Judge.

This appeal arises out of an automobile accident which occurred when appellee, travelling north from an exit ramp, attempted to cross a multi-lane highway and was struck by appellant's car, which was travelling east. Appellant brought suit to recover for personal injuries sustained in the accident and a jury verdict and judgment were entered in favor of appellee.

1. In his first enumerated error, appellant contends that the trial court erred in failing to grant appellant's motion for a directed verdict. "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. [Cit.]" *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329 (1) (304 SE2d 131) (1983). The evidence shows that prior to the accident, drivers in two of the three eastbound lanes were able to stop to allow appellee to proceed across the intersection. Appellant, however, was unable to stop and left fifteen feet of skid marks at the accident scene. Since there was some evidence to support an inference that appellant's actions may have contributed to the accident, the trial court did not err denying appellant's motion for a directed verdict. *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6) (1987).

2. In enumerations of error 3, 4, 5 and 6, appellant contends that the trial court erred in failing to give charges in the specific language requested by appellant. The trial court is under no duty to charge in the specific language requested by appellant (*Rossville Apt. Co. v. Britton*, 178 Ga. App. 194 (3) (342 SE2d 504) (1986)), and any charges requested must be a correct statement of the law. *Fowler v. Gorrell*, 148 Ga. App. 573 (2) (251 SE2d 819) (1978). Inasmuch as the charges given by the trial court completely transmitted to the jury the law applicable to the cases, there was no error in omitting the charges enumerated. *Fowler*, supra at Div. 2.

3. Appellant contends in enumerations 2, 7, 8, 9, 10 and 11, that the trial court erred in giving charges on comparative negligence, avoidance, magnified or exaggerated damages, duty of a driver to maintain a diligent lookout ahead and impeachment. With respect to

enumerations 2, 7, 8, 10 and 11, we find there was sufficient evidence to authorize the giving of those charges. " ' "Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." [Cit.]' " *Kelley v. Foster*, 192 Ga. App. 95 (3) (383 SE2d 646) (1989).

However, we find error with the giving of the charge on exaggerated damages and reverse. The charge in this case is substantially identical to the charge given in *Mathis v. Watson*, 259 Ga. 13 (376 SE2d 660) (1989), where the Supreme Court held that the giving of such a charge was harmful error because it related to the issue of liability and did not deal solely with the issue of damages. Although we held in *Minter v. Leary*, 181 Ga. App. 801 (1) (354 SE2d 185) (1987) that a charge on magnified damages constituted harmless error where the jury exonerated the defendant, it appears from the opinion that the charge was confined to the issue of damages. The charge in this case being virtually identical to the charge in *Mathis*, the giving of such charge constitutes reversible error.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 22, 1990.

*Daniel C. B. Levy*, for appellant.
*Beck, Owen & Murray, Samuel A. Murray*, for appellee.