## A91A0358. HAHNE v. WYLLY.
### (406 SE2d 94)

Sognier, Chief Judge.

Susan C. Wylly asserted a fraud claim against Francis J. Hahne, Jr. d/b/a Fran Pools & Spas arising from the construction of a swimming pool in the backyard of her Wilmington Island home. A jury returned a verdict for Wylly, and Hahne appeals from the denial of his motion for judgment notwithstanding the verdict.

At trial, appellee presented evidence that her house was built in 1978 and a septic system was installed at that time. She purchased the home in 1984, and shortly thereafter contacted appellant about building a pool. He came to her home in September 1984 to discuss the feasibility of placing a pool in her yard and concurred in her choice of a pool site. Appellee testified that she pointed out the location of the septic tank and asked whether the pool would interfere with the operation of the system, and that appellant responded "that wouldn't be a problem." Appellee testified she knew nothing about the operation of septic systems, and accordingly relied on appellant's statement. During the pool excavation, appellee became concerned after she observed the crew had unearthed and removed a three foot length of what appeared to be septic piping. When she asked appellant about it, he confirmed that the pipe was part of her septic system but stated that it was not needed for proper operation of the system.

In February 1988, appellee began to experience problems with her septic system. She noticed a foul odor emanating from the tank, and soon the toilets and showers began to back up. She consulted with Jody Smith, who had originally installed the septic system in 1978, and he conducted tests to determine the source of the problem. He testified that appellee's system was a "level field" system — i.e., that it was comprised of a series of piping lines installed to connect in a loop configuration. As a result, the system would continue to function if a small portion of piping was damaged or clogged by tree roots, but would not work if piping was removed. After conferring with Sam Simpson, the county environmental sanitation inspector who had inspected and diagrammed the initial installation, Smith excavated portions of the system. He and Simpson concluded that the entire middle line and part of the end line — approximately 30 to 35 feet — had been removed during the pool installation, and that much of another line was covered by the concrete walkway around the pool, impairing the evaporation function of the system. Both witnesses acknowledged that septic systems have a limited life span which can be affected by a number of factors, but each opined that the problems with appellee's system arose from the pool installation. Benjamin Gay, the engineer engaged to design the replacement system installed by Smith, testified that the original system failed because of an insufficient amount

of drain footage resulting from the removal of a significant portion of the drain field during the pool installation and the covering of another portion by the pool walkway.

Appellant testified he assumed appellee had a trident septic system, which did not have the closed loop construction, but made no investigation to determine whether his assumption was correct. Appellant and his excavation contractor, H. H. Jones, acknowledged removing a section of pipe between three and five feet long, but did not think any problem would result from the removal of such a small portion of piping. Both knew that the county inspector's report was on file at the health department and available to the public, and Jones acknowledged that the only way to locate the drain field was to refer to the report. Appellant, however, stated he did not obtain the report because in his experience the inspector's drawings sometimes were inaccurate. Appellee's witnesses who had consulted the drawing for her property testified that it did accurately reflect the location of the piping.

1. We first address appellant's contention that appellee's claim was barred by the statute of limitation because the cause of action arose in 1984 and the complaint was not filed until March 1989. Fraud claims are governed by a four-year statute of limitation, OCGA § 9-3-31 (see *Shapiro v. Southern Can Co.*, 185 Ga. App. 677 (365 SE2d 518) (1988)), but this limitation period may be tolled if the defendant committed an act of actual fraud that had the effect of concealing from the plaintiff the existence of the cause of action despite her exercise of reasonable diligence. OCGA § 9-3-96; *Jim Walter Corp. v. Ward*, 245 Ga. 355, 357 (265 SE2d 7) (1980). Actual fraud involves moral turpitude, *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980), and requires an intentional deception by false representation or by concealment of a fact. *Lodge v. Popham*, 156 Ga. App. 825 (275 SE2d 669) (1980). When actual fraud is the gravamen of the underlying action, no independent fraud is required for tolling of the statute of limitation, and the limitation period is tolled until the plaintiff discovers or in the exercise of reasonable diligence should have discovered the fraud. *Shipman*, supra.

Here, the evidence presented at trial authorized a finding of actual fraud in appellant's statement assuring appellee that the pool construction would have no effect on her septic system even though he did not know what type of system she had or where the drain field was located and made no attempt to find out, and in his continued assertions that the septic system was unimpaired even after large portions of the piping were removed during the pool excavation. See *Fleming v. Lee Engineering &c. Co.*, 184 Ga. App. 275, 276 (361 SE2d 258) (1987); *Spiva v. Union County*, 172 Ga. App. 151, 152 (1) (322 SE2d 351) (1984). Given that the damage was concealed 24 inches

below the surface and that appellant stated to appellee that he removed only a three foot segment of piping when there is evidence that much more was removed, and given Gay's testimony that a level field system could continue to operate for a period of time after part of the drain field is removed, we hold the statute of limitation was tolled until February 1988 when appellee first experienced problems with the septic system. *Fleming*, supra; compare *Gerald v. Doran*, 169 Ga. App. 22 (311 SE2d 225) (1983) (fraud claim filed in 1982 based on alleged misrepresentations concerning house built in 1976 held barred because problems became apparent in 1977). Appellee's complaint was filed 13 months after discovery of the problem, and accordingly was brought within the statutory period.

2. In his second enumeration, appellant contends that the trial court erred by denying his motions for directed verdict and judgment notwithstanding the verdict on appellee's attorney fees claim because appellee's fraud claim was insufficient as a matter of law. In his brief, however, he does not address the merits of this contention, but instead argues the entirely different issue of whether he should have received a directed verdict on appellee's fraud claim because of a clause in his contract with appellee. "Thus, the error that is actually enumerated is not supported by argument and the argument that is actually advanced is not predicated upon any enumeration of error. Under these circumstances, nothing is presented for appellate review." *Stanley v. State*, 195 Ga. App. 706, 707 (2) (394 SE2d 785) (1990); see *Rowe v. Rowe*, 195 Ga. App. 493, 494-495 (3) (393 SE2d 750) (1990).

3. In enumerations 1 and 3, appellant challenges the sufficiency of the evidence proffered to prove the essential elements of material misrepresentation and justifiable reliance, contending that the statements he made to appellee concerning the effect of the pool installation on her septic system were statements of opinion, not fact, and that she could not justifiably have relied on his statements. We do not agree with either contention. The evidence adduced at trial was sufficient to authorize a finding that appellant's statements that the installation of the pool, and particularly the removal of a portion of the drain field, would not impair the functioning of appellee's septic system "were not mere opinions, or promises as to future events, but . . . were representations of fact . . . by one upon whom [appellee was] entitled to rely as having special knowledge of [pool installation and its effect on septic systems]. [Cit.]" *Ga.-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747, 748 (266 SE2d 531) (1980). The jury was authorized to conclude that appellant, to induce appellee to enter into and to perform the pool contract, either made statements he knew were false or recklessly made representations with intent to deceive and without knowledge as to the truth or falsity of the statements.

See OCGA § 51-6-2; see also *Gaultney v. Windham*, 99 Ga. App. 800, 804-805 (109 SE2d 914) (1959). Consequently, we find there was some evidence to support the jury's verdict, see generally *Smith v. Odom*, 194 Ga. App. 615 (1) (391 SE2d 453) (1990), and thus affirm the trial court's denials of appellant's motions for directed verdict and judgment notwithstanding the verdict. See *Ga.-Carolina Brick*, supra at 747-749 (1).

4. In his remaining enumeration appellant maintains that appellee was not entitled to attorney fees and expenses of litigation because she could not recover damages on the fraud claim. Since we have affirmed the judgment on the fraud claim, we also find there was evidence from which the jury could have found bad faith sufficient to award attorney fees. See id. at 749-750 (2) (A). Accordingly, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

ON MOTION FOR REHEARING.

In his motion for rehearing, appellant urges us to address the merits of his second enumeration of error as set forth in his brief, contending that any inconsistency between the wording of the enumeration and the argument in his brief was inadvertent. We necessarily considered the argument set forth in his brief when we reviewed the sufficiency of the evidence in Division 3 and decided that issue adversely to appellant.

*Motion for rehearing denied.*

DECIDED MAY 1, 1991 —
REHEARING DENIED MAY 29, 1991.

*Adams, Gardner, Ellis & Inglesby, George L. Lewis*, for appellant.

*Oliver, Maner & Gray, I. Gregory Hodges, Patricia C. Tanzer*, for appellee.