A02A0231. WALDEN v. JONES.
(556 SE2d 566)

ELDRIDGE, Judge.

Appellant-plaintiff Phil Walden, Sr. filed a declaratory judgment action against appellee-defendant Dr. J. Gregory Jones asking that certain personal property in the nature of music industry memorabilia[1] ("memorabilia") be declared his; that such memorabilia

---

[1] Such personalty included press clippings, promotional materials, t-shirts, engagement contracts (inclusive of Otis Redding, Percy Sledge, Allman Brothers), master tapes, and gold records.

be awarded to him; that in the interim he be granted temporary and permanent injunctions barring Jones from selling or marketing the memorabilia; and that he also be awarded damages for conversion. Walden appeals[2] from the superior court's denial of his motion for permanent injunction and the entry of a final order awarding the memorabilia to Jones upon Jones' adverse possession defense. We affirm.

Pertinently, the record shows that Walden operated his recording studio, Capricorn Records, out of a Macon area building which he had owned since 1959. In 1986, after deciding to move Capricorn to Nashville, Tennessee, Walden sold the building to Robert Lewis, a high school friend. Walden asked if he could store the property in the building until he could establish himself in Nashville. Lewis agreed.

On September 3, 1991, Bank South foreclosed on the building, Lewis having defaulted on the promissory note he executed in favor of the bank upon purchasing the building. Given notice of the foreclosure sale in early August 1991, Lewis contacted Walden's brother and recommended the memorabilia be removed from the building before the foreclosure occurred. Approximately ten days later, with Walden's approval, his brother and a nephew removed what they believed to be all of the memorabilia from the building and returned it to Walden in Tennessee. Nonetheless, memorabilia remained.

Jones purchased the building from the bank by general warranty deed on April 30, 1992, acquiring the building and the remaining memorabilia. Although by its warranty deed the bank conveyed the building alone, Jones testified that he would not have bought the building in the absence of the memorabilia he found in it, and, in 1995, the bank quitclaimed the same to him.

In December 1996, upon hearing rumors that Jones had loaned selected memorabilia items to the Georgia Music Hall of Fame and rented others, Walden wrote Jones and demanded the return of the memorabilia. Jones sold the building, less the memorabilia, to Mercer University in March 2000. Walden filed the instant action in the same month. *Held*:

1. Walden contends that the superior court erred in denying his motion for permanent injunction for Jones' failure to come forward with evidence showing that he intended to abandon the memorabilia in issue. In this regard, he argues that the superior court erroneously applied a negligence standard in finding that he "essentially aban-

---

[2] Walden filed his appeal in the Supreme Court which subsequently transferred the case to this court as presenting a question of law, i.e., title to property acquired by adverse possession, rather than a claim in equity. *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999); *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

doned" the same.

"Abandonment . . . may result from acts of the owner or from failure to bring an action for the recovery of the personalty within four years. [OCGA § 9-3-32]." *Maslia v. Hall*, 121 Ga. App. 740, 743 (2) (175 SE2d 48) (1970); compare *Tarver v. Deppen*, 132 Ga. 798, 804 (7) (65 SE 177) (1909) ("Whatever may be the rule with reference to one losing an easement by abandonment, or with reference to one having title to personalty losing it by abandonment, a person holding title to land can not lose it by abandonment."). There is no evidence of record showing that Walden inventoried the memorabilia he left behind with Lewis upon moving to Nashville. Walden was not present when his brother and nephew picked up the memorabilia in 1991, and while he viewed the memorabilia when it was delivered, again he failed to inventory it. Walden's December 1996 letter to Jones was the first communication between the parties in which he asserted a claim of right in the memorabilia. Under these circumstances, the superior court did not err in finding that Walden abandoned all the memorabilia which remained in the building after accepting delivery of the memorabilia which his agents moved to him. An owner may abandon personal property by acts of commission and omission. See *Ferguson v. Gurley*, 105 Ga. App. 575, 579 (125 SE2d 218) (1962) (on motion for rehearing) ("From its very nature, negligence may consist in the doing of something which should not have been done. Negligence may also consist in leaving undone that which ought to have been done. It may, therefore, be a fault of omission as well as a fault of commission.").

In any event, the governing statute of limitation is OCGA § 9-3-32 which provides for a four-year period to initiate suit after the action accrues for the recovery of personalty or damages for its conversion. *Comerford v. Hurley*, 246 Ga. 501, 503 (271 SE2d 782) (1980); *Kornegay v. Thompson*, 157 Ga. App. 558, 559 (1) (278 SE2d 140) (1981). "The true test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained her action to a successful result. [*U-Haul Co. &c. v. Abreu & Robeson, Inc.*, 247 Ga. 565, 566 (277 SE2d 497) (1981).]" *Travis Pruitt & Assoc. v. Bowling*, 238 Ga. App. 225, 226 (518 SE2d 453) (1999). In a tort action the statute of limitation begins to run "when the damage from the tortious act was actually sustained by the plaintiff." *Chitty v. Horne-Wilson, Inc.*, 92 Ga. App. 716, 719 (1) (89 SE2d 816) (1955). Here causes of action for recovery of personalty and damages for conversion accrued in 1991, when Walden's agents failed to remove all his memorabilia from storage. Walden filed the instant action in 2000. Such action having been filed more than six years after the applicable four-year statute of limitation had run, it was time-barred. Accordingly, the superior court did not err in denying

the motion for permanent injunction about which Walden complains.

2. In light of our disposition of Division 1, we need not address Walden's remaining claim of error.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2001 —
RECONSIDERATION DENIED DECEMBER 3, 2001 —

*Jones & Walden, Leon S. Jones, Philip M. Walden, Jr.*, for appellant.

*Scott D. Sanders*, for appellee.