A02A1916. STEWART v. WARNER et al.
(571 SE2d 189)

PHIPPS, Judge.

The question for decision in this case is whether the statute of limitation applicable to the recovery of damages for theft or conversion of personal property is tolled by the perpetrators' concealment of their identities. We are constrained to answer this question in the negative and to reverse the judgment against those found by the jury to have committed the theft.

In January 1993, the home of Ronald and Mildred Warner was burglarized. A safe containing their life savings in the approximate amount of $23,000 was stolen. They were going to use the money to pay for an eye operation for their minor child. Law enforcement authorities conducted a prolonged investigation of the theft, as did the Warners. But no leads were developed until September 1998 when Michelle Delk informed a Georgia Bureau of Investigation agent that in 1997 Bryan Stewart had admitted to her that he, Perry Thompson, and Jamie Thornton had perpetrated the burglary. From the beginning, the Warners had suspected that Stewart was involved, and the police had questioned him during their investigation.

In December 1999, the Warners filed this action against Stewart, Thompson, and Thornton to recover for the theft. In their answer, the defendants asserted that the action is barred by a four-year statute of limitation. The trial court submitted the case to a jury. Delk testified that she had not told anyone what Stewart said because the defendants had threatened to burn her house down. The jury found that the defendants' fraud tolled the statute of limitation and awarded $22,000 against Stewart and Thornton. The trial court entered judgment on the verdict and denied Stewart's motion for judgment notwithstanding the verdict. Stewart appeals.

The applicable statute of limitation is OCGA § 9-3-32. It requires actions for the recovery of personal property, or for damages for the

property's conversion or destruction, to be brought within four years after the right of action accrues.[1] This statute of limitation begins to run when the damage from the tortious act is actually sustained by plaintiffs.[2] In this case, that would be on the date of the conversion or theft — January 1993.[3]

The Warners claim that the defendants' concealment of their identities as the burglars constitutes fraud tolling the statute of limitation under OCGA § 9-3-96. It provides: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."

The Supreme Court of Georgia and this court have held that to establish tolling under OCGA § 9-3-96, plaintiffs must prove that defendants engaged in a species of fraud that concealed "the existence of a cause of action."[4] The defendants' concealment of their identities as the parties liable, by making threats against those to whom they had admitted their guilt or by denying their involvement to others, does not constitute concealment of the existence of the cause of action to avoid the running of the statute of limitation.[5] Moreover,

"Where a right of action exists because of wrongful conduct which does not involve actual fraud, in order to prevent the statute of limitations from running by reason of the fraud of the party committing it, consisting in the concealment of such conduct, there must be something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the existence between the parties of a confidential relation."[6]

---

[1] See *Park Place Café v. Metro. Life Ins. Co.*, 254 Ga. App. 733, 738 (2) (563 SE2d 463) (2002) (money may be subject of conversion claim as long as allegedly converted money constituted specific identifiable funds).

[2] *Walden v. Jones*, 252 Ga. App. 692, 694 (1) (556 SE2d 566) (2001).

[3] See *Logan v. Tucker*, 224 Ga. App. 404, 406 (2) (480 SE2d 860) (1997).

[4] *Jim Walter Corp. v. Ward*, 245 Ga. 355, 357 (265 SE2d 7) (1980); *Mobley v. Faircloth*, 174 Ga. 808, 811 (164 SE 195) (1932); *Gropper v. STO Corp.*, 250 Ga. App. 820, 824 (3) (552 SE2d 504) (2001); *McClung Surveying v. Worl*, 247 Ga. App. 322, 324 (1) (541 SE2d 703) (2000); *Charter Peachford Behavioral Health System v. Kohout*, 233 Ga. App. 452, 458 (504 SE2d 514) (1998); *Jahannes v. Mitchell*, 220 Ga. App. 102, 105 (3) (469 SE2d 255) (1996); *Hahne v. Wylly*, 199 Ga. App. 811, 812 (1) (406 SE2d 94) (1991).

[5] See 51 AmJur2d 572, Limitation of Actions, § 186 (2000).

[6] (Citation omitted.) *Shipman v. Horizon Corp.*, 245 Ga. 808, 809 (267 SE2d 244) (1980).

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 6, 2002.

*McGee & McGee, James B. McGee III*, for appellant.
*John D. Staggs, Jr.*, for appellees.