EDWARD M. FOSTER, Plaintiff-Appellant, v. ANITHALEE ALEX, JR., Defendant-Appellee.

Fifth District   No. 5—89—0529

Opinion filed May 28, 1991.

Edward M. Foster, of Richton Park, appellant *pro se.*

Anithalee Alex, Jr., of Teutopolis, appellee *pro se.*

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff bought oil leases from defendant and sued to rescind the sale, arguing that defendant had misrepresented facts about the oil wells and thus had violated section 12(G) of the Illinois Securities Act (Ill. Rev. Stat. 1985, ch. 121½, par. 137.12(G)), which makes the ob-

taining of money or property by means of any untrue statement of a material fact or any omission of a material fact unlawful. An Effingham County jury found for defendant. Plaintiff appealed.

Plaintiff claims that the circuit court erred in: (1) instructing the jury that plaintiff had the burden to prove that defendant acted knowingly; (2) instructing the jury that plaintiff had the burden to prove that he reasonably relied on defendant's misrepresentation; and (3) striking portions of his complaint dealing with Securities Department Rule 280 (14 Ill. Adm. Code §130.280 (1985)). We affirm the circuit court on issues (2) and (3), but reverse and remand for a new trial on issue (1).

## I. JURY INSTRUCTIONS

Plaintiff claims that a jury instruction placed a higher burden of proof on him than is required by the Illinois Securities Act in that it required proof of *scienter, i.e.*, that defendant acted knowingly. That instruction read:

> "As to Counts I, II, III and IV, Plaintiff has the burden of proving each of the following propositions:
>
> First, that the Defendant made an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;
>
> Second, that the Defendant acted knowingly;
>
> Third, that the Plaintiff justifiably relied upon the Defendant's conduct."

Plaintiff relies on *People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629, for the proposition that he need not prove *scienter*. Although we agree with plaintiff's ultimate proposition, we feel his reliance on *Whitlow* is misplaced, as it is distinguishable from the case at bar.

In *Whitlow*, defendants were charged with and convicted of criminal violations of sections 12(F), 12(G) and 12(I) of the Illinois Securities Act. (Ill. Rev. Stat. 1973, ch. 121½, pars. 137.12(F), (G), (I).) The indictment alleged that they "knowingly and deliberately" did the acts constituting the offenses. They claimed in their appeal that the indictment was defective because it failed to allege that they "intended" to do the acts constituting the offenses. The supreme court upheld the indictments, reasoning: (a) the Securities Act neither prescribes a mental state nor imposes absolute criminal liability; (b) since absolute liability is not imposed by the Securities Act, "any mental state defined in sections 4—4, 4—5, or 4—6" of the Criminal Code (Ill.

Rev. Stat. 1973, ch. 38, pars. 4—4, 4—5, 4—6) is applicable; (c) sections 4—4, 4—5, and 4—6 refer to "intent," "knowledge," and "recklessness"; therefore, since the indictment alleged that defendants acted "knowingly and deliberately," the necessary allegation of *scienter* was present; (d) an allegation of *scienter* is not necessary to plead a civil case that claims a violation of sections 12(F) and 12(G) of the Securities Act; and (e) since the indictment in *Whitlow* alleged *scienter, i.e.,* that defendants acted "knowingly and deliberately," it satisfied the prohibition of the Criminal Code against absolute criminal liability and satisfied as well the provision of the Criminal Code that where a statute does not prescribe a mental state, then any mental state defined in sections 4—4, 4—5, or 4—6 is applicable. Ill. Rev. Stat. 1973, ch. 38, par. 4—3(b).

■ The two distinctions between *Whitlow* and the case at bar are obvious. First, *Whitlow* is a criminal case; this is a civil case. Although both criminal and civil cases share the goal of deterrence, they differ in their general objectives: criminal law punishes; civil law adjusts disputes and inequities. There may be compelling reasons to require *scienter* in a criminal case, but impose strict liability in a civil case. In other words, when a statute has both criminal and civil application, the fact that *scienter* may be required for a criminal prosecution does not control whether it will be required in a civil case.

Secondly, *Whitlow* did not address a contention that no mental state need be alleged; the indictment, in fact, alleged a mental state, namely that defendants had acted "knowingly" and "deliberately." The issue in *Whitlow* was whether the mental state "intentional" was required.

The scope of a holding is necessarily limited by the specific facts presented. (See *Board of Education, South Stickney School District III v. Johnson* (1974), 21 Ill. App. 3d 482, 315 N.E.2d 634.) Thus, the Illinois Supreme Court's holding in *Whitlow* was limited; *Whitlow* held that an allegation of "intent" was not required to state a criminal offense for violation of sections 12(F) and 12(G) and that an allegation that defendants acted "knowingly and deliberately" alleged a mental state sufficient to state a criminal violation of sections 12(F) and 12(G). *Whitlow*, therefore, does not control this case for reasons stated above.

Despite these distinctions, however, *Whitlow* is significant because the Illinois Supreme Court, in interpreting the Illinois Securities Act, looked to Federal case law that interpreted provisions of the Federal Securities Act that correspond to like provisions of the Illinois Securities Act. Following *Whitlow's* lead, we look to Federal case law to in-

terpret section 12(G) of the Illinois Securities Act. A comparison of the Illinois and Federal statutes is useful in this regard.

■ The provisions of section 12(G) of the Illinois Securities Act were patterned after section 17 of the Federal Securities Act of 1933 (15 U.S.C §77q (1988)). *Anvil Investment Limited Partnership v. Thornhill Condominiums, Ltd.* (1980), 85 Ill. App. 3d 1108, 407 N.E.2d 645, citing *Norville v. Alton Bigtop Restaurant, Inc.* (1974), 22 Ill. App. 3d 273, 317 N.E.2d 384.

Sections 12(F) and 12(G) of the Illinois Securities Act provide:

"It shall be a violation *** for any person:

* * *

F. To engage in any transaction, practice or course of business in connection with the sale or purchase of securities which works or tends to work a fraud or deceit upon the purchaser or seller thereof;·

G. To obtain money or property through the sale of securities by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstance under which they were made, not misleading." Ill. Rev. Stat. 1989, ch. 121½, pars. 137.12 (F), (G).

Sections 17(a)(2) and (a)(3) of the Federal Securities Act of 1933 applies to sellers only, and states:

"(a) ***

It shall be unlawful for any person ***

***

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser." 15 U.S.C. §77q(a)(2), (a)(3) (1988).

Sections 12(F) and 12(G) of the Illinois Act correspond to sections 17(a)(2) and (a)(3) of the Federal Securities Act (15 U.S.C. §77q(a)(2), (a)(3) (1988)). *Scienter* is not required in a civil case brought under these provisions of the Federal Securities Act. (*Aaron v. Securities & Exchange Comm'n* (1980), 446 U.S. 680, 697, 64 L. Ed. 2d 611, 626, 100 S. Ct. 1945, 1956.) Accordingly, we follow the *Aaron* court's interpretation of Federal law and hold that *scienter* need not be pled

nor proved in a civil case brought under sections 12(F) and 12(G) of the Illinois Securities Act.

■ Plaintiff went to trial alleging only section 12(G) violations. The jury instruction in this case required plaintiff to prove that defendant acted knowingly. Since we hold that plaintiff is not required to prove *scienter* under section 12(G), we find that the instruction erroneously stated plaintiff's burden of proof, an instruction that only can be assumed to have prejudiced plaintiff in view of the verdict for defendant, and therefore, we reverse and remand for a new trial.

## II. JUSTIFIABLE RELIANCE

Next, plaintiff claims that it was error to instruct the jury that plaintiff must prove he justifiably relied on defendant's representations. Plaintiff based his case for rescission on defendant's misrepresentations: (1) that for every dollar the plaintiff was investing, Paramount Oil & Gas Corporation was investing four or more dollars; (2) that injection systems would be installed; and (3) that two of the oil wells would produce a minimum of 15 barrels of oil per day.

■ Section 12(G) of the Illinois Securities Act provides a cause of action similar to negligent misrepresentation. In Illinois, a cause of action for negligent misrepresentation arises from "a breach of the duty to use due care in obtaining and communicating information upon which others may *reasonably* be expected to rely upon in the conduct of their economic affairs." (Emphasis added.) (*Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 420, 484 N.E.2d 473, citing *United States v. Neustadt* (1961), 366 U.S. 696, 6 L. Ed. 2d 614, 81 S. Ct. 1294.) Reliance is clearly required in a claim of negligent misrepresentation. On that point, we affirm the circuit court. However, we find it necessary to comment on the use of the qualifying term "justifiable."

■ The qualifying terms "justifiable" and "reasonable" have been used interchangeably by Illinois courts in discussing reliance in negligent misrepresentation cases. (Compare *Citizens Savings & Loan Association v. Fischer* (1966), 67 Ill. App. 2d 315, 325, 214 N.E.2d 612, 617, with *Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 484 N.E.2d 473.) Technically, "justifiable" calls for a higher standard of proof than "reasonable." But, in the context of this case, "justifiable" merely calls for the plaintiff to establish that which he is already required to establish in order to bring his claim—that defendant is a person who is in the business of supplying information of the type plaintiff relied upon. (*Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 484 N.E.2d 473.) Although we find the circuit court's use of the term

"justifiable" harmless in this case, the mixing of the two terms may lead to confusion. Therefore, in a reliance instruction on negligent misrepresentation, the term "reasonable" should be used.

### III. RULE 280

Lastly, plaintiff argues that the circuit court erred in striking portions of his complaint dealing with Securities Department Rule 280. 14 Ill. Adm. Code §130.280 (1985).

■■ Rule 280 defines "fraudulent" and "work or tend to work a fraud or deceit" to include failure to disclose to the offeree, prior to the payment of any completion costs, all relevant geological and other information regarding an oil lease. Plaintiff wanted to allege these definitions in his complaint so he could obtain a jury instruction that defined to the jury the terms "fraud" or "tends to work a fraud," and in this way incorporate these definitions into the body of his closing argument. For example, in this way plaintiff could argue to the jury, "you may be wondering what constitutes 'fraud,' or what 'tends to work a fraud.' The judge will tell you in the instructions that 'fraud' is the failure to disclose geological material."

The circuit court struck this portion of the complaint, effectively preventing the instruction and the type of argument outlined above being given, and in so doing made predicate findings of fact. The circuit court ruled that Rule 280 became effective after the sale of the securities at issue and the payment of completion costs. The record establishes the correctness of that ruling. According to plaintiff's complaint, the oil leases were sold in 1984 on June 27, August 22, September 25, November 19, and November 28. The record shows the effective date of Rule 280 to be June 3, 1986. There is no additional information in the record to determine when completion costs were made.

We agree with the circuit court. Fraud should not be defined as failure to give geological information when that definition was not yet in effect when these oil leases were sold. The circuit court, therefore, did not err in striking those portions of plaintiff's complaint.

The circuit court is affirmed in part and reversed in part, and this cause shall be remanded for a new trial consistent with this opinion.

Affirmed in part; reversed in part and remanded.

RARICK, P.J., and HARRISON, J., concur.