W. KENNETH TREGENZA, on Behalf of Himself and a Class of Persons Similarly Situated, Plaintiff-Appellant, v. LEHMAN BROTHERS, INC., Defendant-Appellee.

First District (3rd Division)   No. 1—95—1631

Opinion filed March 5, 1997.—Rehearing denied April 2, 1997.

Terrence Buehler and Robert E. Williams, both of Susman, Buehler & Watkins, of Chicago, for appellant.

H. Nicholas Berberian, Robert J. Mandel, Terry D. Weissman, and Tina E. Levin, all of Neal, Gerber & Eisenberg, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

We review a complaint alleging common law causes of action arising out of a securities transaction. The trial court found that the action was time-barred by the three-year statute of limitations in the

Illinois Securities Law of 1953. 815 ILCS 5/13(D) (West 1992). Plaintiff argues that since his complaint does not rely on the Securities Law, the five-year statute of limitations set out in section 13—205 of the Illinois Code of Civil Procedure (735 ILCS 5/13—205 (West 1992)) should apply. We affirm.

Plaintiff W. Kenneth Tregenza purchased stock from defendant Lehman Brothers, Inc., on October 11, 1989, through May 7, 1990. Plaintiff then sued defendant on September 29, 1994, for breach of fiduciary duty, fraud, and negligent misrepresentation arising out of the sale of the stock. Defendant moved for dismissal under sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1992)). The trial court granted defendant's motion and dismissed the complaint with prejudice. Plaintiff appeals. We affirm.

The facts allegedly supporting the claims in this case are set out in *Tregenza v. Great American Communications Co.*, 823 F. Supp. 1409 (N.D. Ill. 1993). Since we dispose of this complaint on the basis of the three-year statute of limitations under the Illinois Securities Law of 1953, we need not repeat the facts here. Plaintiff's federal cause of action was dismissed because it was barred by the federal statute of limitations. The Seventh Circuit Court of Appeals affirmed. *Tregenza v. Great American Communications Co.*, 12 F.3d 717 (7th Cir. 1993). Plaintiff then filed a three-count complaint in the circuit court of Cook County that alleged two new causes of action: breach of fiduciary duty in count I, and fraud in count II. In count III he also brought a claim for negligent misrepresentation, previously brought in federal court.

The trial court dismissed counts I and II on *res judicata* grounds because the counts violated the rule against claim splitting. The court found in the alternative that the entire complaint was barred by the three-year limitations period set out in section 13(D) of the Illinois Securities Law of 1953. 815 ILCS 5/13(D) (West 1992). Since we find that the complaint is barred by the three-year statute of limitations under the Illinois Securities Law, we need not reach the *res judicata* argument.

Plaintiff argues that the complaint was not barred by the statute of limitations. He contends that a five-year statute of limitations applies under section 13—205 of the Illinois Code of Civil Procedure. 735 ILCS 5/13—205 (West 1992). We disagree.

Section 13—205 provides that the causes of action set out therein "and all civil actions not otherwise provided for" are governed by a five-year statute of limitations. 735 ILCS 5/13—205 (West 1992). But plaintiff's action is a cause "otherwise provided for." The Illinois Se-

curities Law provides: "No action shall be brought for relief under this Section *or upon or because of any of the matters for which relief is granted by this Section after 3 years from the date of sale ***.*" (Emphasis added.) 815 ILCS 5/13(D) (West 1992).

Plaintiff argues that there is no "principled basis" for imposing a three-year statute of limitations. On the contrary, the seventh circuit in *Tregenza* articulated the principled basis for a shorter statute in federal securities cases, one even more stringent than Illinois law.

> "Three years is an age in the stock market. If the suspicious investor had a wide choice of times at which to sue within a three-year period rather than being required to sue no more than one year after the earliest possible date, the opportunistic use of federal securities law to protect investors against market risk would be magnified. These plaintiffs waited patiently to sue. If the stock rebounded from the cellar they would have investment profits, and if it stayed in the cellar they would have legal damages. Heads I win, tails you lose." *Tregenza*, 12 F.3d at 722.

While plaintiff does not seek relief under the Securities Law, his causes of action are reliant "upon *** matters for which relief is granted" by the Securities Law. We find that the three-year statute under the Illinois Securities Law, rather than the five-year limitations period under section 13—205 of the Code of Civil Procedure, applies to plaintiff's cause of action.

Affirmed.

HOFFMAN, P.J., and THEIS, J., concur.