BOYD MACHINE AND REPAIR, CO., INC., an Indiana corporation, D & L Industrial Services, Inc., an Indiana Corporation, Light Beam Technology, Inc., an Indiana corporation, Larry L. Boyd as Trustee of L & L Asset Management Company, an Indiana Trust, Boyd L.P., an Indiana limited partnership, Larry L. Boyd as Trustee of the Larry L. Boyd Revocable Living Trust, Matthew J. Boyd as Trustee of the Matthew J. Boyd Revocable Living Trust and Mark A. Boyd as Trustee of the Mark A. Boyd Trust, Plaintiffs,

v.

AMERICAN INTERNATIONAL HOMES, LIMITED, a Delaware corporation, Steven A. Rechtsteiner and Jesse Fuller, Defendants.

No. 99 C 6443.

United States District Court, N.D. Illinois, Eastern Division.

June 16, 2000.

---

Kevin P. Brown, Jerome F. Crotty, Kathleen M. Kane, Rieck & Crotty, P.C., Chicago, IL, for Boyd Machine and Repair Co., Inc., D & L Industrial Services, Inc., Light Beam Technology, Inc., Larry L Boyd, Boyd L. P., Matthew J Boyd, Mark A Boyd, plaintiffs.

Rick M. Schoenfield, Kimberlee Massin, Schoenfield & Swartzman, Chicago, IL, for Jesse Fuller, defendant.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs, Boyd Machine and Repair, Co., Inc., D & L Industrial Services, Inc., Light Beam Technology, Inc., Larry L. Boyd as Trustee of L & L Asset Management Company, Boyd L.P., Larry L. Boyd as Trustee of the Larry L. Boyd Revocable Living Trust, Matthew J. Boyd as Trustee of the Matthew J. Boyd Revocable Living Trust, and Mark A. Boyd as Trustee of the Mark A. Boyd Trust, filed an 11 count complaint against defendants American International Homes Limited, Steven A. Rechtsteiner, and Jesse Fuller. Counts I–IX contained each plaintiff's individual claim against AIH and Rechtsteiner for defaulting on promissory notes and failing to repay the amount of money specified in contracts entered into between the parties. Counts X and XI contained all plaintiffs joint claims against Rechtsteiner and Fuller for fraud. On January 6, 2000, the court entered default judgment against defendant AIH on counts I–IX. On February 9, 2000, the court entered judgment on the pleadings against Rechsteiner. On February 3, 2000, plaintiffs filed amended Counts XI and XII. Amended Count XI now contains all the plaintiffs' fraud claims against Fuller, the only remaining defendant, while amended Count XII, subsequently dropped by plaintiffs, contained claims against Fuller based on the Illinois Securities Law of 1953, *S.H.A. 815 ILCS 5/1 et seq. (1993)*. Fuller has moved to dismiss plaintiffs' amended Count XI. For the reasons set forth below, defendant's motion is granted, and plaintiff is granted leave to replead.

### *FACTS*

Amended Count XI alleges that plaintiffs executed contracts to loan defendant AIH money for the testing of components used in the construction of new residential buildings. Plaintiffs contend that from the beginning of 1994 through the beginning of 1997, Fuller represented that funds paid by plaintiff to defendant would be repaid with interest pursuant to the contracts executed between the parties. Plaintiffs further allege that Fuller's representations were "false, misleading, and intended to defraud [p]laintiffs... in order to induce

[p]laintiffs to continue to fund... [d]efendant," and "plaintiffs justifiably relied" on these representations. Plaintiffs submit that in 1996, Fuller transferred "approximately $250,000 to $300,000 of the funds provided by plaintiffs" to other companies owned by him. They were unaware that their money was not being used for the intended purposes of the contract but rather for Fuller's personal gain. Plaintiffs allege that Fuller never repaid AIH "the funds [Fuller] transferred to his other companies," and as a result of his "intended misrepresentations and fraudulent conduct, Plaintiffs have suffered damages in excess of $365,000." Defendant argues that plaintiffs' amended Count XI lacks the particularity required by Rule 9(b).

### *DISCUSSION*

I. RULE 9(b)

■ Fed.R.Civ.P. 9(b) requires "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." To ensure that plaintiffs have performed a sufficient investigation into allegations of fraud, the Seventh Circuit requires the plaintiff to state "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 628 (7th Cir.1990). "The purpose of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469 (7th Cir.1999). The implementation of this requirement is not simply to afford defendant sufficient notice of the fraud charges, as plaintiffs' suggest, but rather "is warranted" because "public charges of fraud can do great harm to the reputation of a business or firm or other enterprise (or individual)." *Id.* "[F]raud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it." *Id.*

■ While plaintiffs correctly assert that they have satisfied the elements required for fraud under Illinois common law, they have not satisfied the heightened Rule 9(b) requirements of particularity. Plaintiffs have identified that Fuller was the individual making the fraudulent misrepresentations, but they failed to identify specifically to which of the eight plaintiffs the misrepresentations were made. *DiLeo v. Ernst & Young*, 901 F.2d at 627. Amended Count XI repeatedly states that defendant "represented to Plaintiffs," without specifically alleging to which of the eight plaintiffs Fuller actually made the fraudulent misrepresentations or which of the plaintiffs allegedly "executed" contracts with Fuller.

The amended Count XI also fails to state with particularity the time, place and content of Fuller's "false misrepresentations" to plaintiffs. Plaintiffs allege generally that "[b]eginning in 1994 and continuing through the beginning of 1997, Fuller represented to Plaintiffs that funds paid by Plaintiffs to Fuller would be repaid with interest pursuant to the Contracts...," and "any funds loaned to AIH would be used for the capitalization and daily operations of AIH." Additionally, Plaintiffs state that Fuller "represented" between 1994 through the beginning of 1997 that AIH was a "going concern" with "profitable projects." These allegations identify the "general nature of the purported misrepresentations," but they do not supply the detail required by Rule 9(b). *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir.1994). Plaintiffs' must "associate" defendant with "a particular set of statements (oral or written)... [and] specif[y] the content of those statements." *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d at 471. If defendant verbalized these alleged misrepresentations to plaintiffs, plaintiffs should be able to generate the details and dates of defendant's representations. *Jep-*

*son, Inc. v. Makita Corp.*, 34 F.3d at 1328. The general allegations of amended Count XI, however, fail to state the specific details of the alleged misrepresentations and fail to state when these misrepresentations were made.

## II. STATUTE OF LIMITATIONS

■ Defendant further argues that in amended Count XII, plaintiffs allege that Fuller was governed by and engaged in violations of the Illinois Securities Law of 1953, 815 ILCS 5/1 *et seq.* Since plaintiffs' allege a common law fraud claim involving the sale of securities, defendant believes the contracts fall under the three year statute of limitations "set out" in 815 ILCS ⅝₃(D). *Tregenza v. Lehman Brothers, Inc.*, 287 Ill.App.3d 108, 109, 222 Ill.Dec. 607, 678 N.E.2d 14 (1997). Perhaps noticing this potential problem, plaintiffs dropped amended Count XII in their response to defendant's motion to dismiss, and their amended Count XI alleges only that false misrepresentations were made as to the loaning of money for contracts executed between plaintiffs and defendant. Amended count XI does not claim to be governed by Illinois securities law, and defendant has made no assertion that their contracts with plaintiffs are securities. Therefore, the five year statute of limitations applies to this claim of common law fraud. 735 ILCS 5/13–205.

## III. FUTURE PROMISES

■ The general rule in Illinois "denies recovery for fraud based on a false representation of intention or future conduct, but there is a recognized exception where the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." *Steinberg v. Chicago Med. School*, 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634, 641 (1977). Defendant argues that his "alleged misrepresentations are cast in terms of future conduct," illustrated by the plaintiffs' use of language in amended Count XI alleging that "any funds loaned to AIH would be used for the capitalization and daily operations of AIH" and "the monies loaned by plaintiffs to AIH were to be used..." Contrary to defendant's assertions, plaintiffs' allege that "Fuller represented that AIH's business [was] a going concern... in order to induce Plaintiffs to loan AIH money." Plaintiffs sufficiently demonstrate that defendant's alleged "false and misleading" representations motivated plaintiffs to loan money to defendant for the current and continued operation of AIH, rather than as a false representation of future conduct.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss amended Count XI is granted. Amended Count XII is dismissed by agreement. Plaintiffs are granted leave to file a second amended Count XI on or before July 7, 2000. Defendant shall respond thereto by July 28, 2000. This matter is set for a status hearing on August 2, 2000, at 9:00 a.m.