In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3105

SHAILJA GANDHI, REVOCABLE TRUST
(NOVEMBER 6, 2002), et al.,

*Plaintiffs-Appellants*,

*v.*

SITARA CAPITAL MANAGEMENT, LLC and RAJIV PATEL,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:09-cv-3141—**Joan B. Gottschall**, *Judge.*

ARGUED APRIL 2, 2013—DECIDED JULY 9, 2013

Before ROVNER, WILLIAMS, and SYKES, *Circuit Judges.*

WILLIAMS, *Circuit Judge.*  Plaintiffs, investors in a hedge fund, filed suit against those responsible for managing the fund, Defendants Sitara Capital Management, LLC and Rajiv Patel, after a bad investment by the fund resulted in significant financial losses for its investors. The district court gave Plaintiffs multiple chances to

select a legally cognizable theory of recovery; although the court dismissed the Plaintiffs' first two complaints, it granted leave to amend following each dismissal. On the day that dispositive motions were due, Plaintiffs sought to file another amended complaint to introduce various fraud-based causes of action arising out of purported newly discovered misrepresentations. The district court awarded summary judgment to Defendants on all outstanding claims and denied Plaintiffs leave to submit a fourth complaint with new causes of action. We affirm. The district court properly exercised its discretion in rejecting Plaintiffs' new claims because they suffered from deficiencies that rendered the proposed amendment futile.

## I. BACKGROUND

After accumulating a personal fortune in the technology business, Rajiv Patel thought he would try his luck as a hedge fund manager. In 2005, Patel formed Sitara Partners, L.P. ("Sitara Partners," or the "Fund"). Patel also formed another entity, Sitara Capital Management, LLC, ("Sitara Capital") to serve as an investment adviser to the Fund. Patel installed himself as managing director of Sitara Capital in order to implement his trading strategy for the Fund. Soon after forming the Fund, Patel began offering interests in it to his family, friends, and neighbors. Many of them purchased limited partnership interests in Sitara Partners using their own personal funds or funds from their retirement plans.

After enjoying some initial success in the market, Patel made one unfortunate investment that resulted

in serious losses for interest holders in the Fund. Sitara Partners invested $6.8 million, nearly all of its assets, in Freddie Mac common stock. Although this investment may appear innocuous when viewed in isolation, in the stock market, as in most parts of life, timing is everything. In this case, the Fund made its investment in Freddie Mac in early September 2008, after the market had already begun to feel the effects of the subprime mortgage crisis. On September 8, 2008, Freddie Mac stock suffered the largest single-day price drop in its history and the Fund incurred a devastating loss.

Some months later, Plaintiffs (owners of limited partnership interests in Sitara Partners) filed an eighteen-count complaint against Patel and Sitara Capital (collectively, "Defendants"). The initial filing alleged various acts of wrongdoing by Defendants arising out of the Plaintiffs' purchase of interests in Sitara Partners. Among the causes of action Plaintiffs asserted were claims for federal securities fraud and state securities fraud, as well as common-law claims for fraudulent misrepresentation and fraudulent inducement.

The Plaintiffs struggled to find a legally cognizable theory to pursue against Defendants despite receiving a commendable degree of latitude from the district court. After granting Defendants' motion to dismiss 16 of the 18 counts of the initial complaint, the court granted leave to file an amended complaint. The Plaintiffs then filed their First Amended Complaint in which they reasserted most of the deficient claims from their original filing. The district court dismissed these claims

as well. In dismissing Plaintiffs' claims for securities and common-law fraud, the district court relied upon Plaintiffs' failure to sufficiently allege reliance upon the various alleged misrepresentations and to supply the requisite specificity to substantiate Patel's fraudulent conduct under Federal Rule of Civil Procedure 9(b). Despite these deficiencies, the district court again granted Plaintiffs leave to amend. Plaintiffs' Second Amended Complaint asserted only three counts: failure to register securities in violation of federal law, failure to register as an investment advisor under Illinois law, and breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1109(a). The parties proceeded to discovery on these three causes of action and the district court set a deadline for submission of dispositive motions by December 15, 2011.

On that day, as Defendants filed their motion for summary judgment consistent with the court's schedule, Plaintiffs filed a motion for leave to file a third amended complaint. In their motion, Plaintiffs attempted to assert new securities fraud and common-law fraud claims based upon purported misrepresentations that they discovered while deposing Patel on December 12, just three days earlier. Plaintiffs identified two misrepresentations as the bases for these claims: (1) Defendants' statement in an offering memorandum that Patel "intends to contribute no less than one hundred thousand dollars" to Sitara Partners; and (2) Patel's oral statement that he was investing some of the $18 million he realized from the sale of a former business at the

inception of the Fund. Plaintiffs alleged that they learned that these statements were false or misleading at Patel's deposition when he admitted that he did not invest any proceeds from the sale of his former technology company at the Fund's inception. The district court ordered the parties to simultaneously brief both motions.

On August 14, 2012, the district court granted Defendants' motion for summary judgment and denied Plaintiffs' motion for leave to file a third amended complaint. In denying leave to amend, the district court's main justification was the futility of the proposed amendment. The court also relied upon the fact that the Plaintiffs had an opportunity to present these claims in previous iterations of their complaint. In support of its conclusion, the court cited discovery responses indicating that Plaintiffs had known for some time before Patel's deposition that he had not invested as much in the Fund as they originally believed. Plaintiffs now appeal the district court's denial of leave to amend.[1]

---

[1] Plaintiffs' opening brief also asserts a purported challenge to the district court's summary judgment decision which we need not address in this opinion. Essentially, Plaintiffs fault the district court for granting summary judgment to Defendants without first considering the new facts and legal theories contained in their proposed amended complaint. Given that this argument amounts to an awkward reformulation of their principal contention that the district court incorrectly denied leave to amend, we limit our analysis to the amendment issue for purposes of this appeal.

## II. ANALYSIS

Plaintiffs maintain that the district court improperly denied their motion for leave to file a third amended complaint. As a general matter, a district court's denial of a request for leave to amend is subject to review under an abuse of discretion standard. *Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008). "But where such motions raise questions of law, our review is de novo." *Rivas-Melendrez v. Napolitano*, 689 F.3d 732, 736 (7th Cir. 2012).

Although Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave when justice so requires[,]" courts may deny a proposed amended pleading if, for example, the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or if the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

In this case, the district court cited multiple considerations, including futility of the proposed amendment, in rejecting Plaintiffs' request to file a fourth amended pleading. We believe that the district court properly denied leave to amend based on a consideration that it deemed "most important" to its decision: the futility of the proposed amendment due to the inadequacies of Plaintiffs' putative fraud claims.

In concluding that the proposed amendment would be futile, the district court correctly determined that Plaintiffs could not succeed on their fraud claims based on Defendants' statement in the Fund's offering memorandum. To prevail on this category of claims, Plaintiffs

had to prove that Defendants made a material misrepresentation. *See, e.g., Schleicher v. Wendt*, 618 F.3d 679, 681-82 (7th Cir. 2010) (listing "falsehood in connection with the purchase or sale of securities" among "canonical elements" of claim under section 10(b) of Securities Exchange Act of 1934); *Siegel v. Levy Org. Dev. Co., Inc.*, 607 N.E.2d 194, 198 (Ill. 1992) (noting that plaintiff must prove "a false statement of material fact" in order to succeed on common-law fraud claim); *Foster v. Alex*, 572 N.E.2d 1242, 1244-45 (Ill. App. Ct. 1991) ("untrue statement of a material fact" required to prove claim under section 12(G) of Illinois Securities Law). In asserting their fraud claims, Plaintiffs relied in part upon Defendants' alleged false statement in the Fund's offering memorandum that "Patel intends to contribute no less than one hundred thousand dollars to the Partnership." But Plaintiffs do not dispute that Patel actually invested more than $100,000 of his own money in Sitara Partners. Patel testified at his deposition that he invested between $100,000 and $500,000 of the management and incentive fees he earned as managing director of Sitara Capital in the Fund. Plaintiffs have not provided any reason to dispute the accuracy of Patel's testimony on this point. So the purported misrepresentation Plaintiffs identified as one ground of their fraud claims was, in fact, a true statement based on the record before us. Given that Plaintiffs' fraud claims based on the offering memorandum statement would not survive summary judgment without proof that this statement was false, the district court properly rejected Plaintiffs' request to amend their pleading to include this category of claims. *See Sound*

*of Music Co. v. 3M*, 477 F.3d 910, 923-24 (7th Cir. 2007) (holding that district court properly denied leave to assert Illinois Consumer Fraud Act claim when "no evidence in the record" supported allegation that defendant's deceptive statement was false).

Moreover, the district court properly denied Plaintiffs the opportunity to assert fraud claims based on Patel's alleged oral misrepresentations regarding his investments in the Fund because they did not state legally cognizable fraud claims. District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss. *Brunt v. SEIU*, 284 F.3d 715, 720-21 (7th Cir. 2002). To state a claim for securities fraud or its common-law counterpart, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) (noting that securities fraud plaintiffs must "state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, *i.e.,* the defendant's intention 'to deceive, manipulate, or defraud'" (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976))). In other words, Plaintiffs needed to plead "the identity of the person who made the misrepresentation, the time, place[,] and content of the misrepresentation, and the method by which the misrepresentation was communicated to the [Plaintiffs]." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). The degree of particularity required will necessarily vary depending on the circumstances under which the

plaintiff filed its complaint. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011).

Despite having the benefit of discovery, including a deposition of Patel, Plaintiffs' third amended complaint provided only general descriptions of Patel's purported misstatements instead of the detail required by Rule 9(b). In the proposed amendment, Plaintiffs asserted that "over the course of time while the Plaintiffs were members of Sitara Partners and made their subsequent investments . . . Patel stated verbally that he had invested proceeds from the sale" of his internet businesses in the Fund. Plaintiffs also alleged that, over the course of their membership in Sitara Partners, "Patel assured each Plaintiff that he was investing some of" the proceeds from the sale of his former companies into the Fund. These conclusory assertions do not provide any precision regarding, for example, the timing of Patel's statements, the place in which he uttered them, or the manner by which he communicated them to Plaintiffs. Why this information was not included is a mystery since Plaintiffs had the opportunity to obtain these facts through discovery. Moreover, the missing facts implicated matters within the Plaintiffs' knowledge—as the purported audience for Patel's alleged misstatements, they should be able to provide at least some detail regarding the circumstances in which they heard them. In this situation, Plaintiffs' proposed complaint lacked the requisite particularity required by Rule 9(b) and would have been dismissed. *See, e.g., Windy City*, 536 F.3d at 668-69 (affirming dismissal of fraud claims based on "fail[ure] to plead with particularity the who, when[,]

and how of the alleged frauds"); *Lachmund v. ADM Investor Servs.*, 191 F.3d 777, 784 (7th Cir. 1999) (affirming dismissal under Rule 9(b) based in part on complaint's lack of "references to the specific times or places of [the] alleged misrepresentations"). The district court properly concluded that the proposed complaint, their fourth attempt to state fraud-based claims, was futile. *See Brunt*, 284 F.3d at 720-21.

The district court provided Plaintiffs with three opportunities to choose which legal theories to pursue against Defendants. When, after the close of discovery, Plaintiffs asked for a fourth opportunity to assert claims with fundamental pleading or factual deficiencies, the district court properly denied their request.

### III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.