NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2021[*]
Decided August 18, 2021

*By the Court:*

No. 20-2204

| | |
|---|---|
| LEO D. STOLLER and MICHAEL STOLLER, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
|     *Plaintiffs-Appellants*, | |
| | |
|     *v*. | No. 17-CV-1349-JPS |
| | |
| WALWORTH COUNTY, et al., | J.P. Stadtmueller, |
|     *Defendants-Appellees*. | *Judge*. |

## O R D E R

This is the second time this lawsuit comes to us. In the first appeal, Christopher Stoller asserted that Walworth County and its officials violated state and federal law by relying on "sham," inflated appraisals in order to reject as too low his bids on three tax-delinquent properties. We reinstated the suit, which had been dismissed for failure to state a claim, because Christopher was not given the opportunity to amend. *Stoller v. Walworth Cty.*, 770 F. App'x 762 (7th Cir. May 30, 2019). On remand, after he and two other family members—who did not bid on the properties—added new claims and defendants, the district court entered judgment against them. Christopher is not a party to this new appeal, and the two other family members lack standing, so we affirm.

The facts are disputed; we recount the Stollers' version to the extent the record supports it. *Stampley v. Altom Transp., Inc.*, 958 F.3d 580, 585 (7th Cir. 2020). Christopher,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Michael, and Leo Stoller built a home in Walworth County, Wisconsin, on land owned by Christopher. The County told Christopher in 2017 that it had taken possession of three tax-delinquent properties bordering his land. At the County's invitation, Christopher bid for each of those plots. His $2,500 bids fell far below the properties' appraised values of $11,400, however. So, following a state statute requiring the rejection of bids under the appraised value of the land, WIS. STAT. § 75.69, the County rejected his bids and later sold the properties to different buyers.

Christopher and Michael sued. They alleged that the County and its officials violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, and several state laws by conspiring to inflate fraudulently the appraisal values of the tax-delinquent properties. The district court dismissed the complaint for failure to state a claim, but as mentioned above we remanded to allow the Stollers one chance to amend. *Stoller*, 770 F. App'x at 765.

On remand, Christopher and Michael amended their complaint to include Leo as a plaintiff and added several new claims. Among other theories, the Stollers now asserted that the state law governing the sale of tax-delinquent properties, WIS. STAT. § 75.69, is unconstitutionally vague and violates the Takings, Due Process, and Equal Protection Clauses. They also named several new defendants, including the current owners of the plots that Christopher had bid on, the State of Wisconsin, and its governor. Lastly, they added an unrelated breach-of-contract claim against Lake Como Sanitary District for failing to extend sewer and water lines to Christopher's property.

Proceedings quickly became tangled. Some defendants moved for summary judgment, others asserted that the complaint failed to state claims, and the governor and the State never answered. The Stollers, meanwhile, dismissed some claims. Further, they asked for a default judgment against Walworth County officials, the governor, and the State, and moved to disqualify the defendants' lawyers, asserting ethical conflicts.

Eventually, the district court entered judgment against the Stollers. To begin, no evidence suggested that Walworth County or its officials engaged in a pattern, let alone a single act, of racketeering, so the RICO claim failed, and no evidence showed that the Stollers suffered injuries traceable to these defendants on any other claim. Further, the court ruled, the Stollers had not properly served their complaint on the governor or the State, and the complaint stated no legal claim against those defendants or the current owners of the plots adjoining Christopher's. Finally, no evidence showed an agreement between the Stollers and Lake Como Sanitary District. Having resolved all of the Stollers' claims, the court denied their outstanding motions as moot.

This appeal is fundamentally defective. Christopher—the sole bidder on the parcels—has earned himself a *Mack* bar since the first appeal in this case and, having failed to pay his outstanding sanctions, is not party to this one. *Wilmington Tr., Nat'l Ass'n. v. Stoller*, Nos. 19-2561 & 19-2591 (7th Cir. Dec. 23, 2019); *see also Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). That leaves Leo and Michael, who did not bid on the properties. They generally assert that Wis. Stat. § 75.69 is unconstitutionally vague and that the County created harm by rejecting Christopher's bids. But they lack standing to raise these claims. Any plaintiff invoking federal jurisdiction must establish a personal injury fairly traceable to the defendants' conduct. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Yet neither Leo nor Michael furnished evidence of any personal injury, let alone one traceable to the defendants. Even if we assume (as they ask us to) that injury can arise from rejected bids on tax-delinquent properties, it was Christopher alone—not Leo or Michael—who bid. Because Leo and Michael lack evidence of their own injury from a rejected bid, the district court properly ruled that they may not proceed on abstract claims that Wisconsin's process for selling tax-delinquent properties is unlawful.

For the same reason, the district court properly denied Leo and Michael's other requests. Their motions for a default judgment and to disqualify the defendants' attorneys fail because, having no standing to sue, they had no right to such relief. Nor was the district court required to afford them an opportunity to amend their claims about Christopher's injuries or to cure the defects in service on some parties. Any effort at amendment would be futile. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

Finally, Leo and Michael urge in their reply briefs that they stated personal claims against the Lake Como Sanitary District and the current owners of the properties adjoining Christopher's land. They developed no arguments in their opening briefs regarding those claims, however, and thus waived these contentions. We could affirm the judgment on that basis alone. *See Milligan v. Bd. of Tr. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012); *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467–68 (7th Cir. 2010). But even on the merits they lose. For one thing, unrelated claims against different defendants—as presented here—belong in separate lawsuits, Fed. R. Civ. P. 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Beyond this, Leo and Michael presented no evidence of wrongdoing by these defendants. Nor have they explained how the property owners—who lawfully bought their plots from the County—violated a duty owed to them. And, as the district court observed, they furnished no evidence of any sort of contract, implicit or otherwise, with Lake Como Sanitary District.

Leo and Michael raised numerous other unavailing arguments on appeal. We have considered them, but they require no further discussion. We end by warning Leo and Michael that, as happened with Christopher, frivolous litigation will result in monetary sanctions that, if unpaid, can result in a *Mack*-based filing bar.

AFFIRMED