[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13366
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03641-MHC


NANCY G. CLARK,

Plaintiff - Appellant,

versus

CHASE BANK USA, N.A.,
SETERUS, INC.,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 12, 2016)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Nancy Clark appeals the district court's dismissal of her complaint against Defendants Chase Bank USA, N.A. ("Chase"), Seterus, Inc., and Federal National Mortgage Association ("Fannie Mae"). Briefly stated, Plaintiff challenges the foreclosure proceedings on her home. No reversible error has been shown; we affirm.

Plaintiff purchased a home in 2002, subject to a mortgage loan. Plaintiff later refinanced her mortgage loan in 2002 and again in 2005. Sometime after March 2005, Chase began servicing Plaintiff's loan. Plaintiff alleges that, in September 2006, she started receiving mail advertisements and phone calls from Chase urging her to refinance again. Plaintiff did refinance her loan with Chase on 25 April 2007, under terms that seem substantially less favorable than the terms of Plaintiff's previous loan.

Ownership of the security deed securing Plaintiff's mortgage loan ("Security Deed") was later assigned to Fannie Mae, and servicing of Plaintiff's loan was transferred to Seterus. In early 2012, Plaintiff defaulted on her loan. Plaintiff

2

failed to cure the default; and Fannie Mae and Seterus ultimately accelerated payment under the loan and sought to foreclose on Plaintiff's home.

On 8 October 2014, Plaintiff filed this civil action against Defendants. In her complaint, Plaintiff purports to assert against Chase claims for (1) fraud; (2) violations of Georgia's Unfair or Deceptive Practices Toward the Elderly, O.C.G.A. § 10-1-850 et seq. ("UDPTE"); and (3) violations of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. ("FBPA"). Against Fannie Mae and Seterus, Plaintiff purports to assert claims for (1) fraud; (2) breach of contract; and (3) wrongful foreclosure based on both fraudulent assignment and faulty notice.

The district court granted Defendants' motions to dismiss. The district court concluded that Plaintiff's claims against Chase were barred by the pertinent 4-year and 2-year statutes of limitation; and determined that Plaintiff was unentitled to equitable tolling. In dismissing Plaintiff's claims against Fannie Mae and Seterus, the district court first determined that Plaintiff lacked standing to challenge the validity of the assignments of the Security Deed. The district court also concluded that Fannie Mae and Seterus complied with the Security Deed's notice requirements.

We review de novo the district court's dismissal of a case under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in

3

the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

I.      Plaintiff's Claims Against Chase

Plaintiff does not challenge the district court's determination that her claims against Chase for fraud and for violations of the FBPA and the UDPTE were untimely filed. Instead, Plaintiff contends that the statutes of limitation should be equitably tolled.

"Equitable tolling is an extraordinary remedy which should be extended only sparingly." Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). Under Georgia law, when a plaintiff seeks equitable tolling on the basis of fraud -- as Plaintiff does here -- "[t]he statute of limitation is tolled until the actual fraud is discovered or by reasonable diligence should have been discovered." Gerald v. Doran, 311 S.E.2d 225, 226 (Ga. Ct. App. 1983) (emphasis in original). "Mere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations." Id.

Plaintiff contends that she did not discover Chase's alleged fraud until October 2012. But the facts upon which Plaintiff now relies to prove Chase's alleged fraud -- including the interest rate under the Chase loan, the manner in

4

which that interest rate was adjustable, and the amount of interest Plaintiff would pay over the life of the loan -- were set forth plainly in the loan documents prepared and available to Plaintiff by April 2007.  The plain contents of the loan documents put Plaintiff on sufficient notice that, with reasonable diligence, she should have discovered the alleged fraud.

Drawing all reasonable inferences in Plaintiff's favor, Plaintiff made no effort to research or to investigate the terms of the loan before finalizing the loan transaction.  That Plaintiff failed to understand fully the consequences of the loan terms, or failed to pay attention to them, does not entitle her to equitable tolling, particularly where Plaintiff has alleged no facts that she acted diligently.  See Gerald, 311 S.E.2d at 226.  We reject, as a matter of state law, Plaintiff's argument that a confidential relationship existed between Plaintiff and Chase such that Plaintiff's failure to exercise diligence should be excused.  See Baxter v. Fairfield Fin. Servs., 704 S.E.2d 423, 429 (Ga. Ct. App. 2010) ("[N]o confidential relationship [exists] between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests.  The mere fact that one reposes trust and confidence in another does not create a confidential relationship.").

The district court dismissed properly, as untimely, Plaintiff's substantive claims against Chase.  Thus, Plaintiff's claims for punitive damages also fail as a

5

matter of law.  See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1304 (11th Cir. 2009)

("[W]here a court has dismissed a plaintiff's underlying tort claim, dismissal of a

plaintiff's punitive damage claim is also required.").

    II.    Plaintiff's Claims Against Fannie Mae and Seterus

    As an initial matter, Plaintiff fails to challenge the district court's dismissal

of her claims against Defendants Fannie Mae and Seterus for fraud, for wrongful

foreclosure based on fraudulent assignment, and for injunctive relief.  Thus, these

claims have been abandoned.  See Carmichael v. Kellogg, Brown & Root Serv.,

572 F.3d 1271, 1293 (11th Cir. 2009).

    Plaintiff's remaining claims against Defendants Fannie Mae and Seterus (for

breach of contract and for wrongful foreclosure based on faulty notice) stem from

Defendants' alleged failure to provide -- in compliance with the terms of the

Security Deed -- adequate notice of their intent to accelerate the loan and to initiate

foreclosure proceedings.

    The Security Deed required, in pertinent part, that Defendants provide notice

to Plaintiff of their intent to accelerate payment under the loan if Plaintiff failed to

cure a default.  Defendants must specify a date "not less than 30 days from the date

the notice is given" to Plaintiff, on which the default must be cured to avoid

acceleration.  "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument <u>without further demand</u> and may invoke the power of sale granted by Borrower and any other remedies permitted by Applicable Law." (emphasis added).  In addition, if Defendants invoke the power of sale, they must "give a copy of a notice of sale by public advertisement" and "<u>without further demand</u> on Borrower, shall sell the Property at public auction." (emphasis added).

Plaintiff does not dispute that she received four letters from Seterus between 22 July 2012 and 26 December 2012.  Each letter notified Plaintiff expressly that her loan was in default and that, if she failed to cure timely the default, Defendants intended to accelerate the loan payments and to initiate foreclosure proceedings. Each letter also specified a date, which was <u>more</u> than 30 days from the date of each notice, by which Plaintiff was required to cure the default.  These letters satisfy clearly the pre-acceleration notice requirements under the Security Deed.

Because Plaintiff failed to cure the default, Defendants were entitled to accelerate the loan payments "without further demand."  Indeed, Defendants notified Plaintiff on 3 February 2013 that the loan had been accelerated and that the full loan amount was due and owing.  As a result of Plaintiff's failure to cure the default, Defendants were also entitled to initiate foreclosure proceedings.

Under the terms of the Security Deed, Defendants were required to provide Plaintiff with only a copy of the notice of foreclosure sale, which Plaintiff in fact received in July 2014.

Plaintiff's allegations that Defendants failed to comply with the notification requirements under the Security Deed are refuted plainly by documents in the record.  We affirm the district court's dismissal of Plaintiff's claims against Defendants Fannie Mae and Seterus.

AFFIRMED.